# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COLTON LANE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-2110 |
| | ) |
| PRAIRIE STATE GENERATING COMPANY, LLC and HELEN GALLAGHER, | )   **JURY TRIAL DEMANDED** |
| | ) |
|     Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Colton Lane, by and through his undersigned counsel, for and in support of his complaint for damages against Defendants, Prairie State Generating Company, LLC and Helen Gallagher, alleges as follows:

## NATURE OF THE ACTION

This action is brought to remedy interference and retaliation for requesting and utilizing Family and Medical Leave Act benefits, in violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654, as amended (hereinafter, "FMLA").

## PARTIES

1. Plaintiff Colton Lane (hereinafter referred to as "Lane" or "Plaintiff") is a resident of Jefferson County, Illinois.

2. Defendant Prairie State Generating Company, LLC (hereinafter referred to as "Prairie State" or "Defendant"), is a Delaware Limited Liability Company authorized to transact business in the State of Illinois. Prairie State's principal place of business is located in whole or part in St. Clair County, Illinois. Prairie State's principal business address is 3872 County

1

Highway 12, Marissa, Illinois. Prairie State employs not less than fifty (50) employees within seventy-five (75) miles of this address.

3. Defendant Helen Gallagher (hereinafter referred to as "Gallagher") resides in O'Fallon, Illinois and is a resident of St. Clair County, Illinois.

4. Gallagher is the in-house counsel for Prairie State and is ultimately responsible for reviewing and making decisions in the Human Resources Department and the decision to terminate employees.

5. Upon information and belief, Gallagher has a history of retaliating against employees for exercising their FMLA rights.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of FMLA violations alleged herein under 28 U.S.C. §§ 1331 and 1343.

7. This Court has personal jurisdiction over Defendant because it conducts business and maintains an office in the Southern District in the State of Illinois.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as the actions complained of took place in the judicial district and Defendant is present and regularly conducts affairs in this judicial district; and in that the Southern District of Illinois is a judicial district in the state of Illinois in which the unlawful acts are alleged to have been committed.

9. Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

## FACTS

10. In December of 2018, Plaintiff began working for Defendant as roof bolter.

11. At all times, Plaintiff met or exceeded all of Defendant's reasonable employment expectations.

12.     On January 12, 2022, Plaintiff's spouse had an acute gallbladder attack which required emergency surgery.

13.     Plaintiff advised Prairie State that same day that he would require leave from work to care for his sick wife.

14.     At all relevant times, Plaintiff was entitled to receive leave, and Prairie State was required to provide leave as provided under The Family Medical Leave Act.

15.     Prairie State acknowledged Plaintiff's request for FMLA leave pursuant to Defendant's Family Medical Leave Act Policy #515 in a letter dated January 12, 2021, from Erica Hampleman, Prairie State's Benefits and Leave Program Manager.

16.     On January 17, 2022, Plaintiff submitted a "Certification of Health Care Provider for Family Member's Serious Health Condition" form which was completed by Plaintiff and by Dr. Patricia Teschke.

17.     On January 18, 2022, Defendants denied Plaintiff's request for FMLA leave.

18.     Gallagher, Defendant's in-house counsel, understood that Plaintiff was entitled to leave under the FMLA.

19.     Gallagher has a history of punishing employees for using the FMLA benefits afforded to them.

20.     On January 25, 2022, Plaintiff was informed of his "voluntary termination" because he had missed three consecutive days of work.

21.     Plaintiff's termination was not voluntary, and he was on medical leave at the time of his termination.

## COUNT I
## FMLA INTERFERENCE

22. Plaintiff incorporates all the preceding paragraphs of this Complaint, as if fully set forth herein.

23. At all times relevant, Plaintiff was entitled to FMLA leave.

24. On January 12, 2022, Plaintiff requested FMLA leave from Prairie State.

25. Plaintiff provided all of the necessary documentation to Prairie State related to his request for FMLA.

26. On January 18, 2022, Prairie State, without justification, unilaterally determined that Plaintiff's wife's serious health condition did not qualify under FMLA, thereby interfering with his FMLA rights.

27. Prairie State and Gallagher's, whose job it was to approve and monitor Human Resources decision, actions were intentional, in bad faith, and they had no reasonable grounds to believe that this action complied with the FMLA.

28. As a result of Prairie State and Gallagher's actions, Plaintiff was prevented from taking the full 12 weeks of leave afforded to him by the FMLA.

WHEREFORE Plaintiff moves this Court to enter judgment in his favor, and against Defendants Prairie State Generating Company, LLC and Gallagher and award him the following relief:

1) Reinstatement of his employment; and

2) Lost back pay; and

3) Lost front pay; and

4) Liquidated damages pursuant to the FMLA; and

5) Reasonable costs of litigation including reasonable attorney's fees and costs.

## COUNT II
## RETALIATORY DISCHARGE FOR USE OF FMLA

29. Plaintiff incorporates all the preceding paragraphs of this Complaint, as if fully set forth herein.

30. Plaintiff was entitled under the FMLA to request and use up to 12 weeks of leave.

31. After Plaintiff's request for FMLA leave, Defendants terminated Plaintiff.

32. Plaintiff's termination was illegal, and it was in retaliation for Plaintiff seeking FMLA leave.

33. Defendants' actions were intentional and done for the purpose of and with the knowledge that their actions were in violation of the FMLA.

34. As a result of Prairie State and Gallagher's actions, Plaintiff has been damaged in that he has lost wages, benefits, and has incurred legal expenses related to attempting to exercise his rights under the FMLA.

WHEREFORE Plaintiff moves this Court to enter judgment in his favor, and against Defendants Prairie State Generating Company, LLC and Gallagher and award him the following relief:

1) Reinstatement of his employment; and

2) Lost back pay; and

3) Lost front pay; and

4) Liquidated damages pursuant to the FMLA; and

5) Reasonable costs of litigation including reasonable attorney's fees and costs.

Respectfully Submitted,

**NEWTON BARTH, L.L.P.**

BY: /s/ *Brandy B. Barth*
Brandy B. Barth, ARDC 6285366
555 Washington Ave., Ste. 420
St. Louis, MO 63101
314-272-4490 (phone)
brandy@newtonbarth.com
Attorney for Plaintiff Colton Lane