IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COLTON LANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2110-DWD |
| | ) |
| PRAIRIE STATE GENERATING | ) |
| COMPANY, LLC, and | ) |
| HELEN GALLAGHER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is Plaintiff Colton Lane's Motion for Protective Order (Doc. 24). Plaintiff seeks the entry of a protective order pursuant to Fed. R. Civ. P. 26(c) forbidding the disclosure or discovery of Plaintiff's non-party spouse, Autumn Lane's personal medical records (Doc. 24). Defendants Prairie State Generating Company, LLC, and Helen Gallagher (hereinafter "Defendants") intend to serve Ms. Lane with a subpoena to testify at a deposition scheduled for December 28, 2023 (Doc. 24-1). The subpoena also directs Ms. Lane to bring the following documents to the deposition:

> Any and all medical records relating to your 01/12/2022 surgical procedure and any follow up care/visits received thereafter, and any and all medical records supporting, your husband, James "Colton" Lane's request for medical leave in order to care for you following your 01/12/2022 surgical procedure.

(Doc. 24-1, p. 1). Defendants oppose the Motion (Doc. 26).

**Background**

On September 9, 2022, Plaintiff filed this action against his former employer, Defendant Prairie State Generating Company, LLC and its in-house counsel, Defendant Helen Gallagher, alleging violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2653 ("FMLA") (Doc. 1). Plaintiff alleges that Defendants interfered and retaliated with his request to utilize benefits under the FMLA to care for his spouse following her emergency gallbladder surgery on January 12, 2022 (Doc. 1, pp. 2-3). According to the allegations in the Complaint, Plaintiff advised Defendants of his request to leave work to care for his spouse on January 12, 2022, and Defendant Prairie State acknowledged his request for FMLA leave in a letter dated January 12, 2021 (Doc. 1, ¶¶ 12-15). Plaintiff later submitted a "Certification of Health Care Provider for Family Member's Serious Health Condition" on January 17, 2022 (Doc. 1, ¶ 16). On January 18, 2022, Defendants denied Plaintiff's request for FMLA leave, and on January 25, 2022, Plaintiff was informed of his "voluntary termination" because he has missed three consecutive days of work (Doc. 1, ¶¶ 17-20). Plaintiff contends his termination was not voluntary as he was on medical leave at the time of his termination (Doc. 1, ¶ 21). Defendants contest Plaintiff's entitlement to FMLA leave, and maintain that that Plaintiff's FMLA request was denied because the medical certification Plaintiff provided did not demonstrate the existence of a serious health condition (Doc. 8, pp. 6-7).

**Legal Standards**

Unless otherwise limited by court order, Fed. R. Civ. P. 26(b)(1) permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

Fed. R. Civ. P. 45(a) permits the issuance of subpoenas to produce documents and other tangible things in the custody or control of a person. A subpoena issued pursuant to Rule 45 is subject to the general relevancy standard for discovery described in Rule 26(b)(1). *See, e.g.*, *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004). Rule 45 further provides several express protections for individuals subject to a subpoena. *Davis v. City of Springfield*, 2009 WL 910204, * 4-5 (C.D. Ill. 2009). A court may quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). The movant bears the burden of persuasion in a motion to quash a subpoena. *See Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (collecting cases).

The Court may also issue a protective order pursuant to Rule 26(c). "[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and

3

the potential harm to the party seeking the protective order." *Calhoun v. City of Chicago, 273 F.R.D. 421, 422 (N.D. Ill. 2011).* Rule 26(c) gives the Court the power to forbid disclosure or discovery, to specify the terms for disclosure or discovery, and to forbid the inquiry into certain matters. Fed. R. Civ. P. 26(c)(1)(A-D); *see also Hunt v. DaVita, Inc., 680 F.3d 775, 780 (7th Cir. 2012)* (citations omitted) ("District courts have broad discretion in supervising discovery."). Good cause generally requires specific examples of articulated reasoning, not stereotyped and conclusory statements. *See, e.g. Jackson v. Wexford Health Sources, Inc.*, No. 3:20-CV-00900-DWD, 2022 WL 3644158, at *2 (S.D. Ill. Aug. 24, 2022).

## Discussion

Plaintiff seeks to prohibit deposition testimony and the production of documents from Ms. Lane regarding her medical conditions (Doc. 24, p. 3). Defendants, however, argue that they are entitled to this information because it is directly relevant to the question of whether Plaintiff was entitled to leave under the FMLA. This fact is clearly in dispute as Plaintiff maintains he was eligible for FMLA leave, at least in part to care for Ms. Lane following an emergency medical event (Doc. 1, pp. 2-3), and Defendants disagree (Doc. 8). Nevertheless, Plaintiff argues that Defendants are not entitled to Ms. Lane's personal medical records "because they did not utilize the statutory procedure for contesting Plaintiff's entitlement to FMLA, waiving their right to later seek discovery of Plaintiff's wife's medical records in a civil action." (Doc. 24, p. 2). In support of this waiver argument, Plaintiff invokes the "second and third opinion procedure" of 29 U.S.C. § 2613, which provides:

    **(a) In general**

> An employer may require that a request for leave . . . be supported by a certification issued by the health care provider of the eligible employee or of the . . . spouse . . . of an individual in the case of leave taken under such paragraph (3), as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer.
>
> **(b) Sufficient certification**
> Certification provided under subsection (a) shall be sufficient if it states--
> **(1)** the date on which the serious health condition commenced;
> **(2)** the probable duration of the condition;
> **(3)** the appropriate medical facts within the knowledge of the health care provider regarding the condition;
> **(4)(A)** for purposes of leave under section 2612(a)(1)(C) of this title, a statement that the eligible employee is needed to care for the . . . spouse, . . . and an estimate of the amount of time that such employee is needed to care for the . . . spouse, . . .; and
> **(B)** for purposes of leave under section 2612(a)(1)(D) of this title, a statement that the employee is unable to perform the functions of the position of the employee;
>
> . . .
>
> **(c) Second opinion**
> **(1) In general**
> In any case in which the employer has reason to doubt the validity of the certification provided under subsection (a) for leave under subparagraph (C) or (D) of section 2612(a)(1) of this title, the employer may require, at the expense of the employer, that the eligible employee obtain the opinion of a second health care provider designated or approved by the employer concerning any information certified under subsection (b) for such leave.
>
> . . .
>
> **(d) Resolution of conflicting opinions**
> **(1) In general**
> In any case in which the second opinion described in subsection (c) differs from the opinion in the original certification provided under subsection (a), the employer may require, at the expense of the employer, that the employee obtain the opinion of a third health care provider designated or approved jointly by the employer and the employee concerning the information certified under subsection (b).
> **(2) Finality**

> The opinion of the third health care provider concerning the information certified under subsection (b) shall be considered to be final and shall be binding on the employer and the employee.

29 U.S.C. § 2613(a)-(d).

Plaintiff maintains that Defendants did not invoke the second and third opinion provision of 29 U.S.C. § 2613(c)-(d) as a basis for questioning the validity of the certification he submitted in support of his FMLA leave request. Accordingly, Plaintiff argues that Defendants are barred from now obtaining discovery on the issue of Plaintiff's certification and his spouse's alleged serious health condition (Doc. 24, p. 2). Indeed, one district court has held that "an employer that chooses not to utilize the second and third opinion procedure for contesting an employee's entitlement to FMLA leave for a serious health condition may not later seek discovery of an employee's medical records to challenge the employee's entitlement to that leave in a civil action." *Smith v. Univ. of Chicago Hosps.*, No. 02 C 0221, 2003 WL 22757754, at *9 (N.D. Ill. Nov. 20, 2003).

Defendants, however, argue that it is not barred from obtaining discovery on Plaintiff's spouse's alleged serious health condition because Defendants did not deny Plaintiff's FMLA leave request on the basis that it doubted the medical opinion of Ms. Lane's health care provider. Instead, Defendants maintain that they denied the FMLA leave request because the certification submitted was not sufficient under 29 U.S.C. § 2614(b) (Doc. 26). Here, Defendants submitted a copy of Plaintiff's Certification of Health Care Provider Form (Doc. 26-2) and its subsequent denial letter (Doc. 26-3). As stated in those documents, Defendants found that Certification as submitted did not demonstrate Ms. Lane had a serious health condition as defined by the Department of Labor, but also

6

noted that Plaintiff could "provide additional information or documentation" for consideration (Doc. 26-3); *see e.g.*, 29 U.S.C. § 2611(11) (defining the term "serious health condition" as an "illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider.").

The issue of whether an employer is estopped from challenging the sufficiency of a medical certification in discovery because they did not do so at the time it was submitted appears to be unsettled in this Circuit. See *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 911 (7th Cir. 2008) ("[Plaintiff] contends that because the defendants failed to require him to provide a second opinion, they may not now contest the validity or accuracy of his Certification. The few courts to analyze the language of that provision have found that the request for a second opinion is permissive, not mandatory. We need not decided whether [Defendant] was required to ask [Plaintiff] for a second opinion because the FMLA provides no remedy for the possible violation unless the action interfered with, restrained or denied [Defendant's] exercise of his rights under the FMLA.") (internal citations omitted); *see also Earl v. Xerox Bus. Servs.*, No. 1:13-CV-01847-LJM, 2014 WL 4804279, at *2 (S.D. Ind. Sept. 26, 2014) (collecting cases but relying on dicta from *Darst* to conclude that employers "are not precluded from requesting discovery that may be relevant to a challenge of [an illness] simply because [the employer] did not request a second medical opinion before granting Plaintiff leave").

As this question currently remains unsettled, and the Court is unaware of any binding precedent clearly barring the requested discovery material, the Court finds it

7

premature to decide the legal questions raised by the current discovery dispute. Instead, as the factual circumstances of Ms. Lane's medical conditions underlying Plaintiff's FMLA leave request are clearly in dispute, discovery into those conditions appear relevant and fit within the expansive scope of Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff's Objection to Defendants' ability to seek discovery on the issue of Ms. Lane's medical conditions is **OVERRULED**, and Defendants may issue their subpoena.

Notwithstanding this ruling, it is noteworthy to point out that Ms. Lane is not a party to this action, and she presumably has certain privacy interests in any decision for the disclosure of her medical information. Of course, there is no indication in the record that Ms. Lane will object to the production of her medical records and this Court is not at this time addressing that issue. However, it might be advisable for the parties to again meet and confer to determine whether an agreed-upon protective order can be fashioned such that both Plaintiff and Defendant have access to Ms. Lane's medical information. Presently, it is difficult to imagine a scenario where the Plaintiff will be permitted to use at trial a part of Ms. Lane's medical information favorable to his cause while, at the same time, bar the Defendant from using other information solely on the basis of Ms. Lane's objection. Seemingly, good cause for the issuance of a protective order pursuant to Fed. R. Civ. P. 26(c) may well exist to address those concerns. Accordingly, in light of these findings, Plaintiff's Motion for Protective Order (Doc. 24) is **DENIED, without prejudice**. The parties are **DIRECTED** to meet and confer, and if appropriate, prepare an agreed protective order for the Court's consideration.

**SO ORDERED.**

Dated:  December 28, 2023

/s/ David W. Dugan  
DAVID W. DUGAN  
United States District Judge
