IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COLTON LANE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:22-cv-2110-DWD |
| | ) |
| **PRAIRIE STATE GENERATING** | ) |
| **COMPANY, LLC AND** | ) |
| **HELEN GALLAGHER,** | ) |
| | ) |
| **Defendants.** | ) |

**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**

Before the Court is the parties' Joint Motion for a Protective Order (Doc. 29), wherein the parties inform the Court that discovery will include the production of protected health information under the Health Insurance Portability and Accountability Act of 1996 (HIPPA). Discovery will also include the production of other confidential, proprietary, and personal information. Therefore, the parties have agreed to the necessity and reasonableness of a Proposed Stipulated HIPAA Qualified Protective Order (Doc. 29-1). For good cause shown under Federal Rule of Civil Procedure 26(c)(1), the Court **ADOPTS** the following Stipulated HIPPA Qualified Protective Order in this case:

1. All documents produced during discovery in this case, containing "Protected Health Information," as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), shall be subject to this Stipulated HIPPA Qualified Protective Order. Such documents and any others containing confidential information that are produced subject to this Stipulated HIPPA Qualified Protective

Order shall be labeled at the time of production with the words "confidential" or "subject to protective order" or other words to that effect.

2.  This Stipulated HIPPA Qualified Protective Order is specifically designed to be a "qualified protective order," as defined in 45 C.F.R. § 164.512(e)(1)(v).

3.  A party or non-party may designate material or information as "confidential" by clearly marking them as such, by notifying opposing counsel in writing of the designation, or by requesting that the court reporter mark all or a portion of a transcript of testimony as such. The failure to mark a particular document as "confidential" shall not constitute a waiver of the protection afforded said document under this Stipulated HIPPA Qualified Protective Order. In the event the producing party or non-party alleges that another person or party intentionally disclosed confidential material or information, said party shall have the burden of proving, by clear and convincing evidence, that the disclosing party had actual notice that the information or material disclosed was protected from disclosure pursuant to this Stipulated HIPPA Qualified Protective Order and that party actually disclosed the confidential material or information in violation of this Stipulated HIPPA Qualified Protective Order.

4.  Unless otherwise stated herein, all documents, information, and materials designated as "confidential" shall be maintained as "confidential" pursuant to the terms of this Stipulated HIPPA Qualified Protective Order and shall not be used in any manner whatsoever except in connection with the litigation of this matter.

5.  In the event any "confidential" materials are included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other

document filed with the Clerk of this Court or this Court, the party seeking to file such "confidential" materials shall first move the Court for leave to file and maintain such materials or information under seal for good cause shown. As this Stipulated HIPPA Qualified Protective Order pertains to pretrial discovery, the parties understand that an interested member of the public has the right to challenge the placement under seal of any document deemed admissible and used at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

6. This Stipulated HIPPA Qualified Protective Order does not affect the right of the parties to use their own "confidential" documents or information.

7. The undersigned parties may disclose "confidential" documents, information, and materials to experts, consultants, witnesses, and/or other attorneys, staff, or investigators employed or retained by the law firms of the respective parties, court personnel, court reporters, videographers, jury members, mediators, copy or production services, and such other persons who have a need to handle or review the material solely in connection with their participation in this case and who agree to be bound by this Stipulated HIPPA Qualified Protective Order. Any third parties provided access to information, documents, or materials designated as "confidential' shall not disclose that information except in deposition or court testimony.

8. Nothing in this Stipulated HIPPA Qualified Protective Order shall prohibit the parties from using "confidential" documents and information in deposition, in court, in trial, or on appeal brought forth in this litigation.

9. If any party objects to the designation of particular material or information as "confidential," the objecting party shall notify the designating party of its objection to designation of such material or information as "confidential." Then, the designating party shall either withdraw the designation as "confidential" or the parties shall engage in good faith communications to resolve such dispute within ten (10) days of objection by the non-designating party. If the dispute cannot be resolved through communication of the parties, then the non-designating party shall have the burden to move the Court within ten (10) days of the parties' communication for an order un-designating the disputed material or information as "confidential" and not subject to this Stipulated HIPPA Qualified Protective Order. Until the Court so orders, such material or information shall be treated by the parties as "confidential."

10. The termination of this action shall not relieve any person to whom "confidential" materials have been provided or disclosed from the obligations of this Stipulated HIPPA Qualified Protective Order, unless the Court so orders or the parties otherwise agree.

11. In the event that any "confidential" materials are entered into evidence in the trial of this matter, they shall lose their "confidential" status unless any party seeking to retain their confidentiality status obtains the agreement of the other parties or, in the absence of an agreement, obtains a court order to the terms and conditions of such continued, post-proceeding or post-trial confidentiality.

12. Within 14 days upon the final determination of this case (including any appeals), parties will return or certify that all "confidential" materials, including originals and any copies, were destroyed.

13. The terms of this Stipulated HIPPA Qualified Protective Order shall continue unless and until modified and/or terminated by further Order of this Court or by agreement of the parties.

14. This Stipulated HIPPA Qualified Protective Order may be modified by further written stipulation signed by the parties and/or by further order of this Court upon application to the Court with notice. Nothing in this Stipulated HIPPA Qualified Protective Order shall bind the Court to its terms, and the Court may, in its discretion, modify or amend the Stipulated HIPPA Qualified Protective Order.

**SO ORDERED**.

Dated: January 18, 2024

*s/ David W. Dugan*

DAVID W. DUGAN
United States District Judge